PERRY et al. v. REVERE RUBBER CO.

(Circuit Court of Appeals, First Circuit. June 21, 1900.)

No. 248.

PATENTS—INVENTION—STEAM PACKING.

The Perry patent, No. 462,278, for a steam-joint packing, consisting of a ring made of a piece of hollow tubing, having an outer covering of rubber, and the ends united by a dowel-pin, is void for lack of invention.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Edwin H. Brown and Edward P. Payson, for appellants.

Henry M. Rogers and Alexander P. Browne, for appellee.

Before COLT, Circuit Judge, and WEBB and ALDRICH, District Judges.

COLT, Circuit Judge. This appeal relates to letters patent No. 462,278, granted November 3, 1891, to Edward L. Perry, for improvements in steam-joint packing. The packing consists of a piece of hollow tubing, composed of an outer rubber covering and an inner core of fibrous material, and a hollow or solid coupling-pin, made preferably of metal, which enters and unites the two ends of the tubing, thus forming a ring. This packing can readily be made into a ring of any required size, and possesses this advantage over packings which are molded into rings of various fixed sizes. The claim of the patent is as follows:

"A steam-joint packing consisting of a hollow core of cotton duck or other woven fabric, a covering of elastic material, and a coupling, the ends of which enter the ends of the packing, substantially as and for the purpose specified."

There is nothing new or novel in a tubing made of rubber and fabric as described in the patent. This is abundantly shown by the record. The coupling which forms the other element of the combination is simply a dowel-pin. Webster's Dictionary defines a dowel-pin as "a pin of wood or metal used for joining two pieces, as of wood, stones, etc., by inserting part of its length in one piece, the rest of it entering a corresponding hole in the other." In Knight, Mech. Dict. (1876) p. 735, we find this definition:

"Dowel. A pin used to connect adjacent pieces, penetrating a part of its length into each piece at right angles to the plane of junction. * * * The slabs of calcareous gypsum or Mosul marble which line the adobe palaces of Nimrod were united by wooden and bronze dowel-pins."

Turning to the rubber art, we find it was common to unite the abutting ends of two pieces of rubber tubing, such as hose, by a coupling inserted in the ends. As was said by complainants' expert:

"It has been a common practice almost ever since rubber tubing began to be used, and so far back as I can remember, to couple together the ends of two rubber-tube sections by means of a coupling inserted in the ends."

Such being the common practice respecting two pieces of tubing, there was manifestly no invention in so uniting the ends of a single piece of tubing to form a gasket or packing.

But it is said the old forms of coupling were rigid, and that in the Perry device the coupling must be compressible, and that this

feature establishes patentable novelty. Whether a coupling-pin is made compressible or incompressible would seem to depend upon whether the tubing or packing was designed to be solid or compressible. To make a coupling-pin solid and incompressible for use in an incompressible tubing or packing, or hollow and compressible for use in a compressible tubing or packing, does not involve inventive thought. As the Perry packing is made hollow and compressible, it would occur to any ordinary mechanic that it would be better to make the coupling-pin hollow or compressible. On this point, however, we are met with the further difficulty that the Perry patent is not limited to a compressible coupling. The claim of the patent is for a packing consisting of a hollow core of woven fabric covered with an elastic material, and a coupling composed of any material, the ends of which enter the ends of the packing. The descriptive language of the specification is consistent with and supports the claim. The packing in the specification is restricted to a hollow core "to more readily secure compression," and this limitation is carried into the claim. The coupling in the specification is not limited to a hollow tube "in order to enable it to be compressed," but includes a "solid tube," and the claim is for any coupling the ends of which enter the ends of the packing. If the patentee had placed the same limitation upon the coupling in the specification and claim which he has placed upon the packing, it could be said that the invention was for a hollow or compressible packing, combined with a hollow or compressible coupling. But the invention described and claimed is broader in scope, in that it was intended to cover a solid or incompressible coupling as well as a hollow or compressible one. It would be doing violence to an intelligent construction of language to hold that "coupling," in the claim, should be construed as if the word "compressible" were inserted before it. Assume for a moment that Perry had been the first to invent a coupling in the form of a dowel-pin, could it be said that the use of a solid, incompressible pin was not an infringement of the patent? Undoubtedly the hollow, compressible coupling, as shown in the drawings and described in the specification, was the preferred form of the Perry structure, but the patent by express language covers other forms as well. The specification, in our opinion, uses the word "hollow" as synonymous with "compressible," and "solid" as synonymous with "incompressible"; and, when it speaks of a "solid coupling," it is used in contradistinction to a coupling "made hollow to enable it to be compressed." We cannot accept the contention of the complainants that the coupling described in the patent must be compressible, whether it is made solid or hollow. In our opinion, the Perry patent is for a packing made by uniting the ends of a piece of well-known tubing by means of a dowel-pin, and as such it must be held void for want of invention. The decree of the circuit court is affirmed, with costs for the appellee.