### L. E. WATERMAN CO. v. LOCKWOOD et al.

(Circuit Court of Appeals, First Circuit. October 22, 1903.)

#### No. 447.

1. PATENTS—INVENTION—FOUNTAIN PENS.
    Claims 8, 9, and 17 to 26, inclusive, of the Waterman patent, No. 604,690, for a fountain pen, relate solely to details in construction, involving only mechanical skill, and are void for lack of patentable invention.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 123 Fed. 303.

Fred C. Hanford (Walter S. Logan, on the brief), for appellant.
Oliver R. Mitchell, for appellees.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

PUTNAM, Circuit Judge. This appeal is based on patent No. 604,690, issued to Lewis E. Waterman on May 24, 1898, on an application filed on August 12, 1895. The subject-matter of the patent is described as a new and useful invention in fountain pens and vessel closures. The patent relates entirely to details, of which it covers a great number, requiring 26 claims. Those now in issue are 8 and 9 and 17 to 26, each inclusive. For the reason which will appear we find it necessary to insert only the more generic claims 9 and 19, as follows:

"(9) In fountain pens, a cap having within its open mouth a conical seat or chamber for the conical end of the fountain, also provided at its mouth with

an externally beveled elastic annular lip engaging the conical end of the fountain at and near its base."

"(19) In fountain pens, a holder provided with a tapered hollow end and with a cap which is elastic and flexible at and near its mouth." ·

The Circuit Court apparently made some distinction between claims 8 and 9 on the one hand and the remaining claims on the other; but, so far as we are now concerned, the pith of all of them is the same. They differ only in the fact that they apply to different parts of a fountain pen, while they serve the same purpose and involve the same principle. The patentee so understood the matter, as he said in his specification, "I make a similar joint in a similar way between the cap, C, and the fountain, F."

The details are worked out in several different ways in the claims which we have not quoted. For example, in claim 8 the two members making the joint are described as "external and internal conical members," and the external member is described as provided at its open end "with an elastic externally beveled annular lip that engages the opposite part of the internal member with elastic pressure," etc. The specification describes these details at great length. In fact, a careful reading of it shows that what the patentee devised was the working out from point to point of mechanical minutiæ with more or less skill.

All those portions of the patent submitted to us relate to matters which were common in the arts, and common aside from the arts in the technical meaning of that word; and the details, therefore, concern merely mechanical skill, and in no degree inventive faculty. Therefore the case is in line with Rubber-Tip Pencil Company v. Howard, 20 Wall. 498, 507, 22 L. Ed. 410, and with Perry v. Revere Rubber Company (passed down in this court on June 12, 1900) 103 Fed. 314, 43 C. C. A. 248. It is clear that none of the claims in issue cover anything which involves patentable invention.

The decree of the Circuit Court is affirmed, and the appellees recover their costs of appeal.